## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KAITLYN RIES, | ) |
| individually | ) |
| and on behalf of all persons | ) |
| similarly situated | ) CASE NO 16 CV 3667 |
| as class representative under | ) |
| Illinois Law and/or as | ) |
| members of the Collective as permitted | ) |
| under the Fair Labor Standards Act; | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| PLANESPHERE, INC. | ) |
| d/b/a | ) |
| Orbit Skate Center  and | ) |
| SANDRA L. LEVIN as an individual  ) | |
| under FLSA and Illinois Wage Laws | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) **ON ALL COUNTS** |
| Defendants. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, KAITLYN RIES, individually and on behalf of all others similarly

situated, as class representatives, by and through her undersigned counsel of record, upon

personal knowledge as to those allegations in which she so possesses and upon information and

belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter

"FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" )

Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter

"IWPCA" ) and brings this cause of action against Defendant PLANESPHERE, INC. d/b/a Orbit

Skate Center (Hereinafter referred to as "Orbit"), and against Defendant SANDRA L. LEVIN

(hereinafter referred to as "Levin") and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiff, KAITLYN RIES alleges individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2. Plaintiff also brings a claim for overtime and minimum wage claims for off the clock work specifically that Plaintiff and other employees were ordered/required to continue working after their "scheduled" work time with full knowledge and consent, and instruction of her employer but was not paid for this work time and/or the employees worked time/hours and Defendant "Shaved" those hours/time from the employees paychecks.

3. Further Plaintiff alleges that Defendants failed to pay wages and/or overtime, in fact Defendants actively "docked" work hours from employees who used their cell phones and for other policy and procedure violations while on the clock. Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973) and Illinois Department of Labor Regulations.

4. This policy and procedure of wage deduction for work rule violations was communicated in a written message, via text message to all employees.

5. The text message read, in part:

    a. If you are punched in, you are not to have your phone on your person, leave it in the office or in your car. If you are seen using your phone you will be

docked 1 hour automatically for the first offense, and written up and docked 2 hours for the next offense.

6.  Further in a different message to all employees the Defendants stated that if an employee who is "standing around" before the facility opens "will be docked". Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973) and Illinois Department of Labor Regulations.

7.  In still another message sent by the manager of the facility, sent to all employees the Defendants, that he was "subtracting my time from your time", referring to the time the manager worked beyond his normal hours. Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973) and Illinois Department of Labor Regulations.

8.  Thus the manager of Orbit was stealing work time from employees and paying himself with other employees' work time.

9.  This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA").

10. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

11. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional class action.

12.     Plaintiff, in her class claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

14.     This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

15.     The Court is authorized to issue a declaratory judgment.

16.     Venue is proper in this Court.

17.     Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

18.     Plaintiff, KAITLYN RIES,  is a resident of the State of Illinois.

## ORBIT CORPORATE FACTS

4

19.     Defendant PLANESPHERE, INC. d/b/a Orbit Skate Center (Hereinafter referred to as "Orbit") is a corporation or business which does business in Illinois.

20.     Orbit is a roller-rink in Palatine Illinois.

21.     Defendant employs a staff of some full time employees and a larger number of part time employees.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     Class Allegations under IMWL and IWPCA

22. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1 and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.*, as individual and class action.  The Class is defined as all current, former and future employees of Orbit paid an hourly wage less than minimum wage and/or not paid overtime or not paid the proper rate of overtime pay for all hours over forty per week, or had improper deductions/reductions taken from their wages.

23. Plaintiff's IMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

24. Plaintiff's IWPCA Class includes claims for all owed wages due for five (5) years and/or ten (10) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

25. Excluded from the Class are Orbit legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Orbit; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

26. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period. The numerosity is also demonstrated by the ORBIT having a work force of 10-15 employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 100 persons in the IMWL Class and 300 for the IWPCA Class.

27. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

    a. whether the Defendants employed Plaintiff and the Class within the meaning of the IMWL and IWPCA.

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

c. whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL and IWPCA

d. whether Defendant's engaged in a continuing policy, pattern or practice of failing to pay all overtime wages at the proper rate of pay which includes all compensation;

e. whether Defendant took unconsented deductions from the wages/hours/tips of the Class.

28. **Typicality**:   The claims of Representative Plaintiff are typical of the Class.

29. **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Class.

30. **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like Orbit.

31. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial

resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

33.     The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34.     IMWL and IWPCA violation claims are brought and maintained as a class for all IMWL/ IWPCA claims asserted by the Plaintiff.

35.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

36.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

37.     The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

38.     IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA and other Illinois wage laws asserted by the Plaintiff.

**B. The FLSA Collective Action**

39.     Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of ORBIT who were, are, or will be employed by ORBIT during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or who were not compensated at the federal minimum wage rate of $7.25 per hour.

40.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all retail employees employed by Orbit.

41.     Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of ORBIT who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.


**STATEMENT OF FACTS**

**A.      ORBIT policies and procedures and Compensation Practices fail to pay proper overtime rate of pay and/or Minimum Wage and/or take tips which**

are wages of Plaintiff and Class/Collective

42.    Plaintiff was employed by ORBIT as an employee of the Defendant and Plaintiff who work beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

**FAILURE TO PAY OVERTIME RATE OF PAY CORRECTLY**

43.    Plaintiff worked as an hourly non-exempt employee.

44.    Plaintiff was paid $8.50 per hour for all hours worked less than 40 hours.

45.    Plaintiff was paid $12.75 per hour for all hours over 40 hours.

46.    However, Plaintiff was not paid for all work time, thus Plaintiff was not paid proper and complete minimum wage and overtime wages.

47.    Plaintiff estimates that she worked between 10-20 hours off the clock each paycheck and/or each two week period.

48.    This off-the-clock work occurred when the Plaintiff and other employees were "scheduled" until a set time, and if Plaintiff and other employees worked beyond that set time Plaintiff and other employees were not paid for that work time despite performing the work for Defendants benefit and with Defendants' full knowledge of the work.

49.    In terms of the working past scheduling, this off-the-clock work occurred extremely often and/or almost every shift.

50.    Defendants were also blatant in this policy, even posting the policy and procedure on an announcement board.

51.    The failure to pay minimum wage is demonstrated by hours paid and pay for the week ending June 27, 2015. During these two weeks, Plaintiff worked

approximately 20 hours off-the-clock and was paid 65.5 hours, not the 85.5 hours of work.

52.    Thus for the week of June 27, 2015 Plaintiff was not paid 5.5 hours of work at an overtime rate of pay.

53.    During this same week, Plaintiff worked 85.5 hours and was paid $556.75, thus was paid below the minimum wage rate, thus she was paid $6.51 per hour, which is less than the federal minimum wage rate of $7.25 per hour.

54.    The following week, (Paycheck dated 7/101/15) Plaintiff also worked off-the-clock, and if she worked 20 hours off the clock and she was shorted .50 hours of overtime.

55.    For this pay check dated 7/10/15 likewise Plaintiff was paid less than minimum wage. Plaintiff was paid total of $514.25, for 80.5 hours or paid at $6.38 per hour.

56.    Further while Defendant did pay overtime, but Defendant did not pay overtime for the all hours worked. For example during the two weeks paid on 1/9/15, Plaintiff was paid 5.5 of overtime wages, because she worked and was paid for 45.5 hours during one of the two weeks of work. Yet Plaintiff also worked off-the-clock during this same week and Plaintiff did not receive overtime pay for this work time. Plaintiff estimates she worked 10 hours of overtime in this week, thus was not paid 10 hours of overtime pay for the week of work paid 1/9/15.

57.    Likewise for the other week paid on check dated 1/9/15 Plaintiff was paid for 25 hours at 8.50 per hour or $212.50, yet this week Plaintiff again worked off-the-clock, if she worked just five hours off the clock, she was not paid federal minimum wage, rather was paid approximately $7.08 per hour.

ADDITIONAL UNLAWFUL POLICY AND PROCEDURES OF ORBIT

58. Further Plaintiff and Class/Collective allege that Defendant failed to pay wages and/or overtime, in fact Defendant actively "docked" work hours from employees work hours/paychecks. Defendant "docked" employees who used their cell phones while on the clock. Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973) and Illinois Department of Labor Regulations.

59. This policy and procedure of wage deduction for work rule violations was communicated in a written message, via text message to all employees.

60. The text message read, in part:

   a. If you are punched in, you are not to have your phone on your person, leave it in the office or in your car. If you are seen using your phone you will be docked 1 hour automatically for the first offense, and written up and docked 2 hours for the next offense.

61. Another deduction of work time/ wages was communicated  in a different message to all employees. In this second message Defendant Manager stated that if an employee who is "standing around" before the facility opens "will be docked".

62. This message was sent by Defendant manager David Mendoza who wrote on March 15, 2015:

   a. "If they see you standing around talking you will be docked. No free labor here, this is not the Red Cross.  Thank you to the people who are working, Dave"

63. In still another message sent by the manager of the Defendant to all employees the Defendants, via their agent, stated that the Manager was "subtracting my time

12

from your time", referring to the time the manager worked beyond his normal hours.

64. This third message was sent by Manager David Mendoza, who wrote on May 3, 2015:

   a. So if you worked tonight/today I am subtracting my time from your your time since you feel it is alright not to do a job that you are being paid to do. I need to get paid for working I do not do charity work, so thank you for the money it will be spent wisely.

   Dave

65. Thus the manager of Orbit was stealing work time from employees and paying himself with that other employees' work time.


66. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

67. Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

68. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

69. Plaintiffs and the class employees were not paid the proper rate of overtime wages.

70. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her regular pay for ALL hours beyond 40.

71. Further that by forcing her to work off the clock, this is a violation of the Plaintiff's rights under FLSA as she was not paid at time-and-half during these hours and rather is paid nothing for this work time.

72. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

73. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

## ORBIT's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

74. ORBIT required and permitted Plaintiff, the Class, and the FLSA Collective, to work more than 40 hours in a week. ORBIT did not pay Plaintiff, the Class, and the FLSA Collective the proper overtime rate for all of these overtime hours and/or minimum wage hours.

75. ORBIT unlawful conduct has been uniform, widespread, repeated and consistent.

76. Orbit's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

77. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

78. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
**Class Action Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

79.    Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

80.    Plaintiffs are or were employee of the Defendant pursuant to the IMWL.

81.    Plaintiffs are or were employed by ORBIT as an employee.

82.    It is and was at all relevant times, a policy of ORBIT to pay its employees at an overtime rate of pay and/or minimum wage pursuit to the Defendants' improper deduction policy and procedures and/or off-the-clock work, and/or Tip pool thefts.

83.    It is a policy, procedure and job requirement of Defendant ORBIT its employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses

84.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

85.    As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

86.    Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

**Class Action Against Defendant**
**Under Illinois Wage Payment and Collection Act "IWPCA"**

87. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

88. Plaintiff was employed by Orbit.

89. It is and was at all relevant times, a policy of ORBIT to take, without Agreement wages, tips and work time.

90. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

91. Further that Defendant's forced Plaintiff and Class to work "off-the-clock".

92. Plaintiff brings her claims for relief pursuant to the IWPCA as a class action for all employees who were, are, or will be employed by Defendants during the period of date five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint of this action through the date of judgment in this action, failed to pay all Agreed Wages via a policy of ORBIT to take, without Agreement wages, tips and work time from the class.

93. IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA claims asserted by the Plaintiff.

94. This cause of action arises out of employment contracts or agreements; written and/or oral.

95. The named Plaintiffs were employed by Defendant.

96. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

97. Upon information and belief, all class employees of the Defendant had the same policies imposed upon its employees.

98. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

99. Plaintiffs were not an independent contractors, rather were employees of the Defendant by oral agreement and/or written contract.

100. Plaintiffs employment were in the usual course of business for which such service is performed.

101. Plaintiffs do not possess a proprietary interest in the Defendant.

102. The Defendant is an "employer" under the terms of the IWPCA section 2.

103. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

104. Individual Defendant SANDRA L. LEVIN is named as an employer, as she knowingly permitted violations of the IWPCA.

### THIRD CLAIM FOR RELIEF
**On Behalf of Plaintiff and All Opt-In Employees**
**Against Defendant Orbit**
**As a Collective Action**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

105. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

106. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

107. The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

108. At all relevant times, Defendant ORBIT has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

109. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

110. At all relevant times, the work performed by retail employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

111. As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

112. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

113. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

114. Plaintiffs, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

115. Plaintiffs, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

116. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

117. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

118. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

119. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class, IWPCA Class, and the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of these class actions, or that the Court issue such notice, to all persons who are presently, or

have at any time during the three years and/or five years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.      That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

C.      Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D.      Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

E.      Compensation originating from ORBIT company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

H.      Certification of this case as a Class action and/or Collective action;

21

I.      Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

J.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

K.      Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

L.      Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act

L.      Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

C.      Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

E.      Consequential damages;

I.      Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

J.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

L.      and costs of this action; and

L.      Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

22

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: March 28, 2016

Respectfully submitted,

By: _____-S-John C. Ireland_____
John C. Ireland

Attorney for the Plaintiffs and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Facsimile 630-206-0889          attorneyireland@gmail.com

23