UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KAITLYN RIES, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Case No. 16-cv-3667 |
| v. | ) |
| | ) Judge John W. Darrah |
| PLANESPHERE, INC. d/b/a | ) |
| ORBIT SKATE CENTER and | ) |
| SANDRA L. LEVIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kaitlyn Ries filed a Class and Collective Action Complaint against Planesphere, Inc. d/b/a Orbit Skate Center ("Orbit"), and Sandra L. Levin, for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*; and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1, *et seq*. Plaintiff has moved for Certification of Collective Action, Disclosure of Potential Opt-In Plaintiffs' Contact Information, and Court-Approved Notice [8]. For the reasons stated below, Plaintiff's Motion [8] is granted in part and denied in part.

### BACKGROUND

The following is taken from the Class and Collective Action Complaint, exhibits, and briefs submitted by the parties. Planesphere, Inc., d/b/a Orbit Skate Center, is a corporation or business that does business in Illinois. (Compl. ¶ 19.) Orbit is a roller rink in Palatine, Illinois. (*Id*. ¶ 20.) Orbit employs full-time employees and a larger number of part-time employees. (*Id*. ¶ 21.)

Plaintiff alleges that she and other employees were required to continue working after their scheduled work time but were not paid for this work time. (*Id*. ¶ 2.) Plaintiff alleges that the hours spent working after their scheduled work time were also sometimes "shaved" from paychecks. (*Id*.) Plaintiff further alleges that Defendants "docked" work hours from employees who used their cell phones while working and for other policy and procedure violations. (*Id*. ¶ 3.) This policy was communicated in a text message to all employees which read, in part: "If you are punched in, you are not to have your phone on your person, leave it in the office or in your car. If you are seen using your phone you will be docked 1 hour automatically for the first offense, and written up and docked 2 hours for the next offense." (*Id*. ¶¶ 59-60.) Another communication was sent by David Mendoza, an Orbit manager: "If they see you standing around talking you will be docked. No free labor here, this is not the Red Cross. Thank you to the people who are working, Dave." (*Id*. ¶¶ 64-65.) Plaintiff argues that, due to not being paid for working after their scheduled work time, to having hours "shaved," and to being docked, Defendants failed to pay minimum wages and overtime.

## LEGAL STANDARD

The FLSA allows for a collective action "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A court can decide if a class should be "conditionally" certified. *See Russell v. Ill. Bell Co.*, 575 F.Supp.2d 930, 933 (N.D. Ill. 2008). "Plaintiffs only need to make a minimal showing that others in the potential class are similarly situated." *Mielke v. Laidlaw Transit Inc.*, 313 F.Supp.2d 759, 762 (N.D. Ill. 2004). Whether Plaintiff and the potential class are "similarly situated" is made using a "lenient interpretation" of the term. *Id.* "[A] court requires nothing more than substantial allegations that the putative class members

were together the victims of a single decision, policy, or plan." *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001)). If the plaintiff makes this minimal showing, the class is conditionally certified, and notice is sent to potential class members, who then have the opportunity to opt in. *Id.* (citing *Heckler v. DK Funding*, 502 F.Supp.2d 777, 779 (N.D. Ill. 2007); *Mielke*, 313 F.Supp.2d at 762).

## ANALYSIS

Plaintiff seeks conditional certification of her claims as a representative of an FLSA class, pursuant to 29 U.S.C. § 216(b), for a class consisting of the following persons:

> All employees of Defendants employed as hourly employees who worked off-the-clock, had deductions taken from their wages, were docked time/wages from their pay which resulted in failure to pay overtime wages and/or minimum wages any time after March 17, 2013, and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

Defendants argue that Plaintiff does not meet the requirements to be a class representative, that equitable tolling is not appropriate, and that the requested notice is overly broad.

*Conditional Certification*

For collective actions under the FLSA, the plaintiffs are given notice and an opportunity to opt in, rather than notice and an opportunity to opt out as in Rule 23 class actions. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982). Potential class members who do not opt in are not bound by the Court's decision. *Vanskike v. Peters*, 974 F.2d 806, 812-13 (7th Cir.1992); *Woods*, 686 F.2d at 580.

At this stage, Plaintiff is asking for conditional certification of one class under the FLSA.[1] At this stage, plaintiffs must only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003). A plaintiff cannot rely solely on the allegations in the Complaint. *Molina v. First Line Solutions, LLC*, 566 F.Supp.2d 770, 786 (N.D. Ill. 2007). "Plaintiffs need not provide conclusive support, but they must provide an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy." *Id.*

Plaintiff has supplied her affidavit and the affidavit of several other employees, asserting that hourly employees worked off-the-clock, had deductions taken from their wages, and had hours/wages deducted which resulted in failure to pay overtime wages and/or minimum wages. An affidavit by David Mendoza states that all employees were "shorted" wages and hours of work and that he himself worked without compensation for Defendant on a weekly basis. (Mendoza Aff. ¶¶ 8-9.) Mendoza also states that employees were docked work hours for work rule violations. (*Id.* ¶¶ 36-37.) Mendoza further states that he was the main book keeper for Orbit, that these were written policies, and that he was instructed, by Levin and others, to dock and short employees. (*Id.* ¶¶ 7, 10, 14, 38-40.) An affidavit by Judy Basich, a former employee of Orbit, states that she was not compensated for working overtime and after hours. (Basich Aff.

---

[1] Defendants argue that Plaintiff is asking for certification of three different classes with subclasses, as shown in her affidavit. However, the motion simply asks for precertification of one class composed of hourly employees subjected to three types of violations of the FLSA. A request for decertification or to divide the class into subclasses occurs in the second step of the FLSA class inquiry, which occurs after discovery. *Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011).

¶¶ 6-29.) Plaintiff has also submitted Orbit business records in support of these affidavits and claims.

Defendants supplied fourteen affidavits, stating that not all hourly employees were subjected to these alleged violations. These affidavits are also properly considered. *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010) (". . . the court evaluates the record before it, including the defendant's oppositional affidavits, to determine whether the plaintiffs are similarly situated to other putative class members."). These affidavits appear to be form affidavits from current employees. Defendants argue that these affidavits show that there was no common policy, plan, or practice. Defendants also argue that where plaintiffs have differing job duties class certification is inappropriate. *See Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 346 (N.D. Ill. 2012) ("Courts typically consider, such factors as location, job duties, supervision, and policies or practices that bind the plaintiffs' claims together."). However, the *Camilotes* case is a second-stage class certification inquiry, which is far more stringent. *Id.* ("Because the parties have completed fact discovery in this case, the Court employs the second, more stringent inquiry into whether this case may proceed as a collective action.").

At this stage, Plaintiff must only make a modest factual showing that they and potential plaintiffs were victims of a common policy or plan that violated the law. Plaintiff's Complaint, affidavits, and attached business records have made this showing. Plaintiff's proposed class is conditionally certified.

*Equitable Tolling*

Plaintiff requests that the statute of limitations applicable to the FLSA claims be tolled for potential opt-ins. Equitable tolling may be appropriate if plaintiff shows that: (1) the party

5

has diligently pursued his or her rights, and (2) some extraordinary circumstance stood in the way and prevented timely filing. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-32 (2013) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)). The Seventh Circuit has held, in other contexts, that equitable tolling should be "used sparingly, reserved for those situations in which extraordinary circumstances prevent a party from filing on time." *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002). "In most cases in which equitable tolling is invoked, the statute of limitations has run before the plaintiff obtained information essential to deciding whether he had a claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990). Plaintiff's request for equitable tolling is denied without prejudice for plaintiffs to refile a motion, setting out specific factors as individual cases factually warrant.

*Notice*

Plaintiff asks for several types of notice: U.S. Mail, a web page, notice at Orbit's location, and e-mail and text notifications. Defendants object that the requested notice is overly broad and calculated to harass Orbit's current and former employees, harm Orbit's reputation with employees and customers, and needlessly drive up litigation costs. Defendants argue that notice via U.S. Mail, alone, is appropriate. Plaintiff responds that most of the workforce is young, relies on electronic communications, and is more transient. U.S Mail and a notice posted in an employee-only section are classic methods of notification in FLSA cases. Additionally, electronic notification would be more efficient in notifying potential class members that are no longer employed. Notice shall proceed by U.S. Mail, e-mail, and a posted notice in an employees-only area at Orbit's location. Plaintiff also requests a ninety-day opt-in period after the notice has been sent out, to which Defendants did not respond. The opt-in period shall be ninety days. Finally, Plaintiff requests contact information of all potential class members.

Defendants do not argue against this; and granting a "request for potential plaintiffs' names, phone numbers, and physical addresses is standard practice in this district." *Boltinghouse v. Abbott Labs., Inc.*, No. 15 CV 6223, 2016 WL 3940096, at *5 (N.D. Ill. July 20, 2016).

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Certification of Collective Action, Disclosure of Potential Opt-In Plaintiffs' Contact Information, and Court-Approved Notice [8] is granted in part and denied in part. The proposed class is conditionally certified; and notice and disclosure is granted and denied, as set out above.

Date: _____October 27, 2016_____   /s/ _____
JOHN W. DARRAH
United States District Court Judge