United States District Court
Northern District of Illinois
Eastern Division

KAITLYN RIES,

           Plaintiffs,

    v.

PLANESPHERE, INC.
d/b/a
Orbit Skate Center  and
SANDRA L. LEVIN as an individual
under FLSA and Illinois Wage Laws

.,

          Defendant.

16 CV 3667

## Class Action Settlement Agreement

John C. Ireland
The Law Office of John C. Ireland
636 Spruce St. South Elgin IL 60177

Counsel for Class Plaintiffs and Class

Chuck Krugel
cak1@charlesakrugel.com
Chicago, IL, United States

Lawrence A. Steingold
Law Offices of Lawrence A. Steingold
1845 E. Rand Road, Suite 211
Arlington Heights ILL
60004

Counsel for Defendant

i

## Class Action Settlement Agreement

This Class Action Settlement Agreement (the "Agreement") is entered into on ___, 2017, between PLANESPHERE, INC. d/b/a Orbit Skate Center, Sandra Levin and H. R. KLOTZ AKA "DICK" KLOTZ, ("Orbit") and KAITLYN RIES (Ries) on behalf of herself and as class representative of the Settlement Class, as defined below, and the individual Ries Opt-Ins signing below.

## Introduction

A.     On March 28, 2016, KAITLYN Ries filed suit against ORBIT in the U.S. District Court for the Northern District Eastern Division in the case captioned KAITLYN *Ries, individually and on behalf of all persons similarly situated as class representative under Illinois Law and/or as members of the Collective as permitted under the Fair Labor Standards Act, Plaintiffs, v.* PLANESPHERE, INC. d/b/a Orbit Skate Center, Sandra Levin., *Defendants*, 16-cv-3667 and later amended to include H. R. KLOTZ AKA "DICK" KLOTZ as an additional Defendant (the "Litigation");

B.     Since that time, a number (to be filled in) of Ries Opt-Ins have filed consents to opt into and join the Litigation;

C.     Plaintiff filed and the Court approved an FLSA Collective motion, after which FLSA notices were sent and additional (number to be filled in) Consent Plaintiffs have joined the case.

D.     The plaintiffs filed a motion for, among other things, class certification of IWPCA and IMWL claims which are pending before the Court;

E.     Without any admission or concern by any of the parties (including the parties to be released) as to fault, liability, wrongdoing, or as to the validity of any position taken by an opposing party, (and in the case of ORBIT to avoid the time, delay expense, resources, and personnel time associated with further litigation and in the interests of fairness to its employees) the parties desire and believe it is in their best interests and the best interests of the Class to forever resolve and compromise the Litigation, and to settle the both the Collective Claims and the Class Claims, as well as all other claims pending or which could be asserted by a Collective and Class Members in the Litigation relating to wages, payment of wages, and hours of work, on and subject to the terms and conditions of this Agreement;

In consideration of the above and the promises and agreements below, the parties agree as follows:

## Definitions

1.     The following additional definitions apply in this Agreement. Other definitions appear in bold throughout this Agreement.

    1.1.     **IWPCA Class Calculation Period** means March 28, 2006 through and ending October 1, 2016, the date the new payroll system was installed.

1.2. **The FLSA Collective Calculation Period shall be** March 28, 2014 through and ending October 1, 2016, the date new payroll system was installed.

1.3. **Class Counsel** means the Law Office of John C. Ireland.

1.4. **Class Period** means March 28, 2006 through and ending October 1, 2016.

1.5. **The FLSA Collective Period shall be** March 28, 2014 through and ending October 1, 2016, the date new payroll system was installed

1.6. **Class and Collective Settlement Fund** means $252,000. The Class Settlement Fund is the only amount available for payment to Settlement Collective and Class Members.

1.7. **Court** means the United States District Court for the Northern District of Illinois, Eastern Division.

1.8. **Effective Date** means the date when the order approving this Settlement Agreement becomes a Final Order or Final Judgment.

1.9. **Final Order or Final Judgment** means the termination of the Lawsuit based on the following events:

    1.9.1. Court approval of this Agreement without a material modification, except for those expressly agreed to by the parties, and

    1.9.2. Court entry of a final order dismissing the Litigation with prejudice, after all appeals if any) have been exhausted.

1.10. **Ries Opt-Ins** means the individuals listed on Exhibit 2.

1.11. **ORBIT Parties** means PLANESPHERE, INC. d/b/a Orbit Skate Center and its direct and indirect subsidiaries, affiliates, employee benefit plans and trusts, (b) the respective present and former officers, directors, employees, attorneys, agents, administrators of each person or entity listed immediately above in (c) the heirs, successors, insurers and assigns of each person or entity listed immediately above in (a) or (b).

1.12. **Settlement FLSA Collective Members** (also referred to as FLSA Members) mean all persons employed by ORBIT on an hourly basis that filed a valid FLSA Consent from the filing of this litigation to the date Agreement was reached in principal.

1.13. **Settlement Class Members** (also referred to as Class Members) mean all persons employed by ORBIT on an hourly basis at any time between March 28, 2006 and October 1, 2016.

1.14. **Settling Parties** means ORBIT, the named plaintiffs in the Litigation and all Settlement Class Members who do not timely opt-out of this Settlement.

2. **Settlement Terms and ConditionsPlaintiffs' Allegations.** In their Class Claim, the plaintiffs allege the following: That Defendants' shaved employees work hours, reduced

work hours, failed to pay all work time, failed to pay overtime and/or pay overtime at the correct rate of pay. In addition to the Ries, and other Class members have claimed that they are owed additional wages and overtime compensation relating to "off the clock work," and unpaid tips. ORBIT has denied these claims and defended against these allegations. However, by this Agreement, the parties are settling as a class all wage claims for the Class for the period of time described below.

3. **ORBIT Disputes the Allegations.** The ORBIT Parties have disputed, and do not admit, that they have any liability with respect to any of the claims asserted in the Litigation, or the other lawsuits referred to above, and expressly deny any and all liability and wrongdoing. Nothing in this Agreement or any associated settlement constitutes or should be construed as any admission as to fault, liability, wrongdoing or the validity of the positions taken by the plaintiffs in this or any other such litigation. No part of this Agreement may be admitted into evidence in any lawsuit, except to enforce this Agreement or to cease or enjoin other litigation. There is a bona fide dispute between the parties over the amount of compensation, if any, due and owing to the Settlement Class.

4. **Settlement Terms Represent a Fair, Reasonable, and Adequate Compromise.** The parties have concluded, under the pertinent facts and law, and after discovery and investigation, this Agreement is in their best interests to resolve a bona fide dispute between them. By doing so, they avoid the uncertainty of litigation, and the difficulties in (and additional costs associated with) establishing the amounts of wages, damages, and interest to which each Class Member claims they may be entitled. The settlement also assures a substantial benefit to all Class Members. The parties therefore consider this Agreement to be fair, reasonable and adequate.

5. **Overview of Settlement Financial Terms.** As an overview, the financial terms of the settlement are as follows:

   5.1. A total settlement fund (not including fees) of (but not to exceed) $252,000 is available for distribution to the FLSA Collective Members and the Class Members who do not "opt-out." Each FLSA Collective Member will receive an amount determined by the damages calculations without reduction (other than for David Mendoza and Judy Basich whose amounts are less than they have claimed and/or damages calculations are). Class Members will be compensated according to either of the following formulas:

      (a) If the Class Member worked as an hourly employee any time prior to March 28, 2006, then their claim will be calculated by dividing their gross total wages by total wages paid to all class members for the same period, thus calculating the percentage of the Class funds for that class member.

      A Class Member cannot receive a payment calculated under both Section 5.1 (a) above and FLSA Collective. If the Class Member did not work after March 28 2006, or only worked for Orbit after October 1, 2016, when Orbit changed its payroll/time system.

(b) If the qualifying and approved claims submitted by Class Members under Section 5.1 (a) and Section 5.1 (b) exceed the $252,000 Class Settlement Fund, then each Class Member whose claim is approved will receive a pro rata payment equal to the percentage their approved claim bears to the total of all the Class Members' approved claims.

5.2.  The payment to each of the Ries Opt-Ins satisfies all claims asserted or which could have been asserted by them in the Litigation.

5.3.  Subject to Court approval, a fee of up to $10,000 shall be paid to Ries for her services as Class Representative. This fee shall be paid out of the Class Settlement Fund, and

5.4.  ORBIT shall pay to Plaintiffs' counsel $140,000 for attorney's fees to Class Counsel.

5.5.  Costs of $3,365.00 shall be paid out of the class funds to Class Counsel and Administrative costs shall be paid out of class funds.

6.  **Steps to Carry Out Settlement.** Subject to satisfaction of all conditions to this settlement, the settlement will occur in the following steps.

6.1.  **Preliminary Approval and Notice of Class Action Settlement.** The Plaintiff will file a motion with the Court to preliminarily approve the settlement and the mailing of the attached Notice (**Exhibit 1**). The Court then will schedule a final hearing to approve the settlement.

ORBIT has prepared with Class Counsel's approval a list of the names and last known addresses of each Settlement Class Member. A third-party administrator will serve by First-Class Mail to each Member the "Notice of Class Action Settlement" attached as **Exhibit 1** to this Agreement within no more than 30 days of the date the Court grants preliminary approval. This notice includes a period of time for any individual to opt-out of the Class or to object to the proposed settlement. To receive a payment pursuant to this Settlement Agreement, a Settlement Class Member and/or FLSA Collective Member who has not timely opted-out within 90 days from the date of mailing of the Notice, a duly completed, executed copy of the Opt-Out form. The Administrator will take steps to verify the authenticity of such claim, according to ORBIT's records.

The Administrator will resend mailings to any more recent address identified in a return to sender label, and shall notify Class Counsel of any returned notices and any new addresses of any Member. Notice returned as non-delivered shall be re-sent within seven (7) calendar days to the forwarding address, if any, on the returned envelope. If no forwarding address is provided, then the Administrator will use a fast-forward service to secure a forwarding address if any. If no forwarding address is obtained using either process, then the Administrator will engage a skip trace service to locate a possible forwarding address, and then will forward the Notice to the address provided (without any further obligation to re-forward if it is

returned). The parties will re-send a returned Notice to a forwarding address only one time per Class Member. Upon completion of these steps by the Parties, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member, and in accordance with the terms hereof, the Class Member shall be bound by all the terms of the Settlement Agreement and the Court's order and final judgment.

Plaintiff counsel will send to each Opt-In a correspondence and this agreement, which details the payments negotiated and offered, and provide each the opportunity to opt out.

6.2.   Subject to the terms of the Settlement Agreement, the Administrator, in consultation with Class Counsel and ORBIT's counsel, shall administer, or oversee the administration of, the receipt of any and all requests for exclusion (*i.e.*, requests to opt-out of the Settlement Class) or objections. ORBIT and Class Counsel shall have the right to review and inspect the requests for exclusion and objections.

ORBIT shall direct all questions and/or inquiries from members of the Class of which ORBIT executive management becomes aware to Class Counsel and shall instruct executive management not to respond in any other manner to any such questions and/or inquiries. Orbit's Counsel will inform Class Counsel if any questions or inquiries are made.

6.3.   **Opt-Outs**.  Any person in the FLSA Collective and/or Settlement Class who intends to opt-out from the Settlement Class must submit a signed written request for exclusion post-marked no later than February 13, 2018 to Class Counsel,

6.4.   At a minimum, any request for exclusion must include the person's full name; current address and telephone number (the address of an attorney alone is insufficient); a specific statement that the person wishes to be excluded from the Settlement Class and from participating in the proposed settlement; and the person's signature.

6.5.   Any person who requests to be excluded from this Litigation and Settlement Class may not participate in the payments made under the Settlement Agreement or otherwise object to the fairness of the Settlement Agreement. Any such person who files a timely and valid request for exclusion will be excluded from the Settlement Class and will not be bound by the terms of this Settlement Agreement. Within five (5) calendar days after the end of the period to request exclusion from the Settlement Class, the Administrator will provide Class Counsel and ORBIT, through its counsel, with a certified written list of all individuals who have timely exercised their rights to be excluded from the Settlement Class. Class Counsel will file with the Court the certified list of all persons who timely exercised their right to be excluded from the Settlement Class.

6.6.   **Objections to Settlement.** Any member of the Settlement Class who does not exclude themselves from such class, but who intends to object to the fairness of the Settlement Agreement and/or the settlement, must file any objection on or before

March 1, 2018 with the Court Clerk, United States District Court for the Northern District of Illinois, and mail a copy to Class Counsel, and ORBIT's counsel. Any filed objection must include: the objector's full name, address and telephone number (the address of an attorney alone is insufficient); a signature of the objector; a statement of all grounds and bases for the objection; and a statement whether the objector intends to appear at the Fairness Hearing scheduled by the Court.

Any member of the Settlement Class who does not file a timely written objection to the Settlement Agreement and notice of their intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or otherwise except to the extent the Court may allow that person to be heard at the Fairness Hearing in its discretion.

6.7. **Final Approval And Claims Process.** The Court will hold a final hearing to approve the settlement. Class Counsel and counsel for ORBIT may participate in the hearing, on the objection, present witnesses and documents, or otherwise be heard, without providing the above-described information.

6.8 **Payment of Claims.** Each Settlement Class Member who has not timely opted out of the Litigation shall be entitled to receive a payment out of the Settlement Class Fund. The payments from the class fund shall be a two-step process. The FLSA Collective Members will be paid an estimation of their damages based on their payroll records (with estimation of IMWL and FLSA additional remedies) and a estimation of the off-the-clock hours worked. The payments to the FLSA Collective Members will be paid as follows:

a) David Mendoza will be paid gross payment of $65,000.00. This payment is based on the following 1) his gross estimated claim was valued at over $95,000.00, thus his negotiated settlement amount is roughly 68% of the net value of his possible claims. 2) the individual negotiation by Mr. Mendoza during the settlement conference 3) his active and very helpful participation with class counsel, including multiple face to face meetings and assistance in preparation of several Affidavits used to support Plaintiff's Motions for Collective and Class.

b) Judy Basich will be paid gross payment of $17,000.00. This payment is based on the following: 1) her gross estimated value claim of $32,000.00, thus her negotiated settlement amount is roughly 53% of the net value of her possible claim. 2) the individual negotiation by Ms. Basich during the settlement conference 3) her active and very helpful assistance with class counsel including multiple face to face meetings and assistance in preparation of an Affidavit used to support Plaintiff's Motions for Collective and Class.

c) FLSA Collective Member Samantha Onnen will be paid a gross payment of 32.22 hours for wage shortages at $8.25 per hour $265.85 and 56 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 168 hours, X $9.00 per hour $1512.00 and a 2% IWPCA penalty of $33.14 multiplied by 25 months for 2% payment of $828.50. For a total wage payment of $2,485.48. (total $2,485.48)

d) FLSA Collective Member Angelica Mitchell will be paid a gross payment of 33.92 hours for wage shortages at $8.25 per hour $277.96 and 28 weeks of estimated off the

clock work at 3.00 hours per week and possible unaccounted for tips = 84 hours, X $9.00 per hour $756.00. and a 2% IWPCA penalty of $20.67 multiplied by 26 months for 2% payment of $516.98. For a total wage payment of $1,550.94. (total $4,036.42)

e) FLSA Collective Member Lindsey Goebert will be paid a gross payment of 17.27 hours for wage shortages $142.55 and 36 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 108 hours, X $9.00 per hour $972.00 and a 2% IWPCA penalty of $19.14 multiplied by 44 months for 2% payment of $842.16. For a total wage payment of $1,956.71. (total $5,993.13)

f) FLSA Collective Member Zoe Gray will be paid a gross payment of 20.38 hours for wage shortages $168.17 and 64 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 192 hours, X $9.00 per hour $1,728.00 and a 2% IWPCA penalty of $37.92 multiplied by 25 months for 2% payment of $948.09. For a total wage payment of $2,844.26. (total $8,837.39)

g) FLSA Collective Member Stephanie Azucena-Martinez will be paid a gross payment of 18.78 hours for wage shortages $154.96 and 28 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 84 hours, X $9.00 per hour $756.00 and a 2% IWPCA penalty of $18.19 multiplied by 44 months for 2% payment of $801.64. For a total wage payment of $1712.60. (total $10,549.99)

h) FLSA Collective Member Shayann Hastings will be paid a gross payment of 13.06 hours for wage shortages $107.78 and 20 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 60 hours, X $9.00 per hour $540.00 for a total wage payment of $678.78. and a 2% IWPCA penalty of $13.58 multiplied by 26 months for 2% payment of $352.97. For a total wage payment of $1,031.75. (running total 11,581.74)

i) FLSA Collective Member Brianna Sawtell will be paid a gross payment for wage shortages $403.90 and 52 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 156 hours, X $9.00 per hour $1,404.00 and a 2% IWPCA penalty of $28.08 multiplied by 37 months for 2% payment of $1038.96. For a total wage payment of $2,442.96. (running total $14,024.70)

j) FLSA Collective Member Kathleen Conrad will be paid a gross payment for wage shortages $26.92 and 20 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 60 hours, X $9.00 per hour $540.00 and a 2% IWPCA penalty of $11.33 multiplied by 39 months for 2% payment of $442.19. For a total wage payment of $1,009.11. (running total $15,033.81)

k) FLSA Collective Member Jahnere Todd will be paid a gross payment for wage shortages $25.83 and 8 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 24 hours, X $9.00 per hour $216.00 and a 2% IWPCA penalty of $4.83 multiplied by 37 months for 2% payment of $178.95. For a total wage payment of $420.79. (running total $15,454.60)

l) FLSA Collective Member Jessica Heimer will be paid a gross payment for wage shortages $24.86 and 8 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 24 hours, X $9.00 per hour $216.00 for a total wage payment of $240.86 and a 2% IWPCA penalty of $4.81 multiplied by 44 months for 2% payment of $211.95 For a total wage payment of $452.82 (running total $15,907.42)

m) FLSA Collective Member Zach Mueller will be paid a gross payment for wage shortages $79.34 and 8 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 24 hours, X $9.00 per hour $216.00 for a total wage payment of $295.34 and a 2% IWPCA penalty of $5.90 multiplied by 23 months for 2% payment of $135.85 For a total wage payment of $431.19. (running total $16,338.61)

n) FLSA Collective Member Kristin Savage will be paid a gross payment for wage shortages $571.28 and 52 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 156 hours, X $9.00 per hour $1404.00 and a 2% IWPCA penalty of $39.50 multiplied by 36 months for 2% payment of $1,422.00 For a total wage payment of $3,397.28. (running total $19,735.89)

o) FLSA Collective Member Christopher Angelacos will be paid a gross payment for wage shortages $102.50 and 16 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 48 hours, X $9.00 per hour $432.00 for a total wage payment of $534.50. and a 2% IWPCA penalty of $10.69 multiplied by 25 months for 2% payment of $267.25. For a total wage payment of $801.75. (running total $20,537.64)

p) FLSA Collective Member Kyle Cooke will be paid a gross payment for wage shortages $94.06 and 16 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 48 hours, X $9.00 per hour $432.00 for a total wage payment of $526.06 and a 2% IWPCA penalty of $10.52. multiplied by 39 months for 2% payment of $410.33 For a total wage payment of $936.38. (running total $21,474.02)

q) FLSA Collective Member Ariana Quinones will be paid a gross payment for wage shortages $25.85 and 24 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 72 hours, X $9.00 per hour $648.00 for a total wage payment of $673.85 and a 2% IWPCA penalty of $1.89 multiplied by 25 months for 2% payment of $336.93 For a total wage payment of $1,010.78. (running total $22,484.80)

r) FLSA Collective Member Matthew Rahn will be paid 6 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 18 hours, X $9.00 per hour $162.00 and a 2% IWPCA penalty of $3.24 multiplied by 13 months for 2% payment of $42.12 For a total wage payment of $204.12. (running total $22,688.92)

s) FLSA Collective Member Rebecca Horn will be paid 8 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 24 hours, X $9.00 per hour $216.00 and a 2% IWPCA penalty of $4.32 multiplied by 48 months for 2% payment of $52.32 For a total wage payment of $268.32. (running total $22,957.24)

t) FLSA Collective Member Matthew Sable will be paid 76 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted for tips = 228 hours, X $9.00 per hour $2052.00 and a 2% IWPCA penalty of $41.32 multiplied by 24 months for 2% payment of $984.96 For a total wage payment of $3036.96. (running total $25,994.20)

u) FLSA Collective Member Mark Mitchell will be paid a gross payment of $94.88 for 11.5 hours of work and a 2% IWPCA penalty of $4.81 multiplied by 25 months for 2% payment of $120.25 For a total wage payment of $215.13. (running total $26,209.33)

v) FLSA Collective Member Mikayla Lloyd will be paid a gross payment of 13.06 hours for wage shortages $107.78 will be paid –12 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted-for tips = 36 hours, X $9.00 per hour $324.00 and a 2% IWPCA penalty of $6.48 multiplied by 12 months for 2% payment of $77.76 For a total wage payment of $509.54.76. (running total $276,718.87)

w) FLSA Collective Member Jasmine Mitchell will be paid a gross payment of 33.92 hours for wage shortages $277.96 and will be paid –24 weeks of estimated off the clock work at 3.00 hours per week and possible unaccounted-for tips = 72 hours, X $9.00 per hour $648.00 and a 2% IWPCA penalty of $12.96 multiplied by 54 months for 2% payment of $699.84 For a total wage payment of $1,625.80. (running total $28,343.67)

x) Named Plaintiff Ries will be paid a gross payment of $707.13 from wage shortages and penalties calculated by Plaintiff counsel and $684.00 for an estimate of off the clock work and shortages in tips for 76 months times $9.00 per hour: for a total wage payment of $1,391.13. (this is over and above the $10,000 representative bonus) (running total $39,734.80)

Second the IWPCA Class Members will receive a payment based on a percentage, their gross wages divided by the total gross wages for the class, multiplied by the amount of funds in the remaining class settlement funds. The remaining class funds are the $252,000 less payments to the FLSA Collective members, (currently $121,734.80) and $3365.00 in costs to the class Counsel for litigation costs, and costs of Administration, (estimated to be $14,106.00) for a net Class Fund of =$112,794.20. the following persons who filed Consents will be part of the Class, not the Collective as they worked outside the FLSA three year limitations Period: Emily Yim (worked 2010-2011) Rebbecca Gaare (worked in 2012) Derick Catalan December 2011 – June 2012

For example, if the Class Member only worked in 2006 as an hourly employee for ORBIT and earned $10,000 in hourly wages in 2006, and the total gross wages for the class period was $1,000,000 then the amount of the claim would be calculated as follows: $10,000/$1,000,000 = .01. and the total class funds are $100,000 = $1,000.00

Three employees, (listed above) Opted-In, but are not qualified to be in the Collective. Most due to having been employed prior to the two years for the Collective period. These employees will be members of the Class but not the Collective settlement groups.

(c) Notwithstanding anything in this Agreement to the contrary, if the qualifying and approved claims submitted by Class Members under Section 6.5.1 (a) and Section 6.5.1 (b) exceed the $252,000 Class Settlement Fund, then each Class Member whose claim is approved will receive a pro rata payment equal to the percentage their approved claim bears to the total of all the Class Members' approved claims.

6.5.2    The portion of the claim attributable to Additional W-2 Wages (or, in the case of a payment under Section 6.5.1 (b), 25% of that amount) shall be subject to withholding (based on applicable Internal Revenue Service guidelines for lump sum payments to departed employees) and contributions for Social Security, Medicare, and federal, state and local taxes. The portion of the payment attributable to 6.5.1 (a)(2) above (or, in the case of a payment under 6.5.1 (b) above, 75% of that amount) is attributable to claims for liquidated damages and penalties and accordingly shall not be subject to withholding. These amounts will be deemed to be earned and paid in the county where the employee last worked for ORBIT.

6.5.3    Within 45 days after the order approving the settlement becomes final, (or the expiration of the claims submission period, whichever is later), the Administrator (or ORBIT at the Administrator's direction), will send one (or, at its option, two) checks to each such Settlement Class Member for the amount calculated as due and owing under this Section 6.5, less applicable tax withholding.

6.5.4    Any remainder of the Class Funds, from uncashed checks, shall be donated to a charity of the Plaintiff Ries' choosing.

6.8.    **Uncashed Settlement Checks.** Any check issued pursuant to this Agreement will be void, and will not be replaced, if not cashed within 180 days of issuance.

6.9.    **Re-Issuance of Checks.** In a case where a check is not cashed within 180 days from issuance and becomes void, and the Settlement Class member to whom the check was payable thereafter requests, in good faith, that a new check be issued, then subject to the receipt of proper identification and signed affidavits that assure there will be no double payment, the Administrator will issue an identical check for the same agreed amount, made payable to the same parties as the original check, provided that Administrator has not previously paid to the State of Illinois the sum represented by the original check pursuant to state laws regarding unclaimed property.

6.10.    **Cancellation of Checks.** To the extent it becomes necessary to cancel payment on and/or reissue a check to any of the Settlement Class members, Administrator shall, to the extent reasonably requested, cooperate with Class Counsel to issue a new check; it being understood that ORBIT may condition the reissuance of such a check on such conditions and signed affidavits and agreements designed to avoid any risk of double payment as are customary or reasonable, that Administrator may deduct from the amount to be paid the cost of any applicable fee for stopping payment on the original check, and that ORBIT will have no obligation to issue a check in the case where ORBIT has already paid to the State of Illinois the sum represented by the original check pursuant to state laws regarding unclaimed property.

7.    **Class Representative Fee.** Ries shall be paid a fee of $10,000 for serving as class representative, which shall be paid out of the settlement fund. This amount, which represents approximately 3.98% of the Class Settlement Amount, is reasonable compensation for Ries' time, effort, risk and negative consequences as acting as class

representative, including answering discovery, working with Class Counsel, and being deposed and is included within and counted toward the Class Settlement Amount. ORBIT will not oppose the application for this class representative compensation.

8. **Class Counsel Fees and Costs.** (a) Class Counsel will receive a single payment of $140,000 for attorney's fees for his representation of the Plaintiff Ries, the Opt-in Plaintiffs, the FLSA Collective, and IWPCA Class in this Litigation. These Fees will be divided as follows: $112,000 to the Law Office of John C. Ireland and $28,000 to the Fish Law Firm. The repayment of Costs, of $3365 from the Class Funds will be via separate check from the Administrator. The payment of the Fees and costs will also be paid to class counsel, by the Administrator, when the remainder funds are paid to the charity of Plaintiff's choosing that is an IRS 501(c)(3) non-profit corporation.

9. **No Other Fees .** The Class Settlement Amount, attorneys' fees and costs and class representative compensation described above represent all of the fees, expenses, and class representative compensation ORBIT will be obligated to pay in connection with the settlement to any Settlement Class Member or his or her counsel irrespective of the counsel making the application. ORBIT will not be liable for any further class representative fees, attorneys' fees, costs and expenses or any claim by any counsel or Settlement Class member for additional fees or expenses relating to the allegations forming the basis of the Litigation.

10. **Taxes.** Except as to the Additional W-2 Wages, the Member shall be solely responsible for payment of all taxes, interest, and penalties that may be owed as a result of receiving any payment pursuant to this Agreement.

11. **Payments Not Compensation for Benefit Purposes.** No payment made pursuant to this Settlement Agreement shall be considered compensation for purposes of any benefit, bonus, profit sharing or pension plan.

12. **Immediate Discontinuance of Non-Settlement Activity in the Litigation.** All discovery, motions, and other legal steps in this Litigation shall be immediately discontinued, pending the completion or cancellation, as provided below, of this Settlement Agreement.

13. **Settlement and Dismissal of Case Binding on All Settlement Class Members.** Unless ORBIT exercises its right to cancel this Settlement Agreement as provided for herein, this Settlement Agreement, once approved by the Court, shall be binding on all Class Settlement Members and FLSA Collective Members regardless of whether they file a claim.

14. **Court Submission.** The Settling Parties shall submit this Agreement and its exhibits to the Court for preliminary approval, including sending notice to the Settling Class Members. If the Court enters an Order that does not grant preliminary approval to this Agreement, or if the Court declines to grant final approval to the foregoing after such notice and hearing, then this Agreement will terminate upon entry of the Order.

15. **Class Notification.** (a) As part of the preliminary approval of the settlement, the parties will stipulate and agree to move the Court to approve sending notice of the settlement in

the form attached, marked Exhibit 1, and incorporated by reference and will not object to, nor seek any modification of or addition to, the form or content of the attached notice, which when entered by the Court shall be binding on the parties. Notice will be sent out within thirty (30) days from the date the Court enters its Order preliminarily approving the Settlement Agreement.

16.   **Release of Wage-Related Claims.** Subject to and upon entry of a Final Order, Ries, individually and on behalf of the Settlement Class, and all the members of the Settlement Class who do not timely opt out of the Settlement Class, in consideration of the terms of this Settlement Agreement, waives and releases all claims which any of them, have or could assert against any of the ORBIT Parties under any federal and state laws relating to the wages owed, payment of wages, overtime, hours of work, wage statements, breach of contract to pay wages, and all similar and related claims, including among others all claims under the federal Fair Labor Standards Act, the Illinois Wage Payment and Collection Act and the Illinois Minimum Wage Law.

17.   **Motion to Approve Settlement Agreement.** The parties shall promptly file with the Court a Motion to Preliminarily Approve the Settlement, including a proposed order, and thereafter a Motion for Final Approval Of Settlement, including a proposed Agreed Order, consistent with this Agreement.

18.   **Retaliation Prohibited.** The law prohibits retaliation against employees or former employees for exercising their rights under the FLSA and IWPCA. Orbit is prohibited from discharging any employee or otherwise retaliating against any employee or former employee in any manner for joining in this lawsuit and/or cashing the check.

19.   **Dismissal of Litigation.** Upon the final approval of this Agreement by the Court and payment to the Administrator and Class Counsel all settlement funds, Class Counsel shall promptly move to dismiss the Litigation with prejudice and take such actions and execute and deliver all such documents as shall be necessary to effectuate such dismissal with prejudice.

20.   **Claims Administration.** Costs for the third-party claims administrator (the "Administrator") will be paid from the Class Settlement Fund.

21.   **Right to Rescind Settlement Agreement.** Each of the Parties has the right to rescind this Agreement if any of the following events occur:

   a.   any objections to the proposed settlement are sustained by the Court;

   b.   this Agreement is materially modified by the Court, by any other court, or by any tribunal, agency, entity, or person; or

The party electing to rescind must serve notice on every other party in writing within 30 calendar days after the occurrence of the event giving rise to the right to rescind. If the Agreement is rescinded, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission or confession by the Settling Parties of any fact, matter, or proposition of law, and shall not be used in any

manner for any purpose, and all parties to the Litigation shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court. ORBIT will not be deemed to have finally consented to certification of any class and will retain all rights to object to or move for de-certification of any certified class. In such event, the parties to the Litigation shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement.

22.  **Representations.** Class Counsel represents and warrants that the procedure set out in this Agreement, and then moving for Court approval of the settlement is, upon distribution of the settlement proceeds as called for by the Agreement, sufficient to satisfy his obligations to the Settlement Class members and to render this Agreement binding and enforceable as to the Settlement Class members; it being understood that the Court must approve the terms of the settlement.

23.  **Attorneys' Fees and Costs; Attorneys' Representations and Obligations.**

    a.  Except to the extent specified in Section 7, the Settling Parties shall bear and pay for their own costs and attorneys' fees incurred in connection with the Litigation and the settlement contemplated by this Agreement. Class Counsel (and the Fish Law Firm, P.C., to the extent such attorneys provided any legal representation to the Class with respect to the claims in this Litigation as an agent for Class Counsel) is the sole attorney representing Ries and the Settlement Class in the Litigation or with respect to any claims being released in this Agreement and no other attorney, agent, or representative represents them, or has any claim of any type against any of the ORBIT Parties, with respect to the Litigation, the settlement contemplated by this Agreement, or the claims released; and ORBIT and ORBIT Parties shall have no obligation to any other attorney or agent who represents or has represented any of the Settlement Class members in this Litigation in connection with this Agreement, the settlement contemplated, or any other matters occurring prior to the Effective Date.

    b.  Class Counsel may (but is not required to) post the settlement class notice approved by the Court and this Agreement on a website and other publicly-filed documents which explain the claims, including the Complaint, filed motions by any party, and information summarizing a public filing. Neither Ries nor any Class Counsel will issue any press release or other public statement about the Litigation, settlement negotiations, any matters giving rise to these claims, this settlement or its terms, including without limitation (1) in any advertisement or (except as provided for herein) in any website, (2) to any media outlet or publication, or (3) discussing any of the same with any member of the media or any publication. The website will be taken down and disbanded promptly after the Administrator has sent out the checks in an initial mailing with respect to approved claims, and the date the order approving the settlement becomes final.

    c.  Class Counsel represents that there are no unfiled claims he has prepared or is intending or considering to file against ORBIT or any ORBIT Parties on account or behalf of any present or former ORBIT employee.

24. **Non-Assistance.** (a) Except to the extent otherwise prohibited by law, and unless compelled by subpoena or as necessary in order to comply with a legal duty, such as, but not limited to, a duty that may arise under the Internal Revenue Service or Social Security regulations or statutes or court order, Ries shall not provide any information to anyone who is not a Settlement Class member concerning this Litigation or information learned in connection with this Litigation, or in any way encourage or assist anyone else in asserting any federal or state claims for minimum wage, overtime compensation, or violation of any state law concerning hours of work, payment of wages, or rest breaks, against any of the ORBIT Parties, or provide any information to any of them in connection with any such potential or actual claim. However, this will not be construed to prohibit Ries or ORBIT from providing any information to a governmental agency or official or prevent Ries or an ORBIT agent from testifying as a witness in any proceeding to the extent compelled to do so by a lawful subpoena from a court having jurisdiction over such person.

(b)    In the case of any breach or violation of the terms of this Section, in addition to and not in lieu of its other rights, either party has the right to sue for and obtain injunctive relief to enforce any breach or threatened breach of the terms of this Agreement and this Section.

25. **Counterpart Originals.** This Agreement may be executed in one or more counterparts, each of which shall be an original and all of which together shall constitute one and the same instrument, and will be binding when it has been executed and delivered by the last signatory. A facsimile or PDF signature is an original signature for purposes of this Agreement.

26. **Entire Agreement.** This Agreement contains the entire agreement between the parties concerning the subject matter and supersedes all prior oral or written communications or agreements between the parties concerning such subject matter. Neither this Agreement, nor any of its terms, may be changed, waived, or added to except in a writing signed by all parties to whom such change applies. The Settling Parties acknowledge that they have not relied upon any representations or actions that are not expressly in this Agreement.

27. **Governing Law.** This Agreement shall be governed by and construed and interpreted according to the internal laws of the State of Illinois without reference to conflicts of law purposes, and the laws of the United States where applicable.

28. **Mutual Interpretation.** The Settling Parties stipulate that this Agreement was negotiated on an "arms-length" basis between parties of equal bargaining power to resolve a bona fide dispute between the parties. Also, Class Counsel and counsel for ORBIT jointly drafted this Agreement. Accordingly, this Agreement shall not be construed in favor of or against any of the Settling Parties. And, neither party shall be considered the drafter of this Agreement for purposes of interpreting this Agreement, or the application of any rule of construction.

29. **Notice.** Written notice may delivered either by First-Class Mail or email at the following addresses:

If to Settlement Class:

John C. Ireland
The Law Office of John C. Ireland
636 Spruce St.
South Elgin IL 60177
attorneyireland@gmail.com

If to ORBIT:

Charles Krugel
1001 S. State St. #1904
Chicago, IL 60605
cak1@charlesakrugel.com

30. **Agreement Binding Upon Successors.** This Agreement shall be binding upon and inure to the benefit of the Settling Parties and their respective personal representatives, administrators, heirs, successors, and assigns.

31. **Continuing Jurisdiction.** The Court shall retain jurisdiction over the Litigation and the Settling Parties to resolve any dispute arising from the interpretation, enforcement, or implementation of the Agreement. In any suit to enforce, or to sue for a breach or violation of, the terms of this Agreement, the party who prevails on any such claim shall be entitled to recover against the other in such lawsuit, the reasonable attorneys' fees and costs incurred by that party in that lawsuit to prevail on the particular claim, as and to the extent determined by the Court in its discretion.

**Signatures on Next Page**

KAITLYN RIES Ries, individually and as                    .ORBIT
class representative

By:_____

By:_____                    By_____

                                              Its: _____

Exhibit 1
United States District Court
Northern District of Illinois
Eastern Division

Kaitlyn Ries, et al.,

        Plaintiffs,

    v.                             16 CV 3667

Planesphere, INC. d/b/a Orbit Skate Center and
Sandra L. Levin
.

        Defendants.

## <u>CLASS LAWSUIT SETTLEMENT NOTICE</u>

### READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS MAY BE AFFECTED.

### YOU HAVE NOT BEEN SUED.

| 1. | Why did I get this Notice? |
|----|---------------------------|

You have been sent this Notice because wage records indicate that you (1) worked at a for Planesphere, INC. d/b/a Orbit Skate Center. ("ORBIT") in the State of Illinois at one or more times between March 2006 and October 1, 2016 (date of change of payroll system), and (2) were paid on an hourly basis, and therefore are included in the class and you could present a claim for wages and other compensation out of the settlement fund.

This lawsuit ("Lawsuit") is a class action lawsuit. The Court has named Kaitlyn Ries ("Ries") as the class representative for this class, and John C. Ireland, Esq. as Class Counsel.

This notice is to inform you about a settlement that was reached in this Lawsuit and that is being submitted to the Court for approval. This includes information on how to file a claim.

| 2. | What is the lawsuit about? |
|----|----------------------------|

A Class has been Agreed to and negotiated for all employees who were employed by ORBIT on an hourly basis at ORBIT at any time between March, 2006 and October 1, 2016.

Ries claims that Orbit shaved work hours of herself and the class, misappropriated employee tips and that employees worked "off-the-clock." Defendant denies these claims, but has agreed to settle the claims for various reasons. On October 1, 2016, the time-recording system was replaced on-line App., that read the time correctly. The cut-off date for purposes of this aspect of the settlement is October 1, 2016.

ORBIT denies that it is liable to the class for any amount other than what it has already paid to Class Members and maintains that there is no right or claim under any applicable laws for any of the claims asserted. However, ORBIT has agreed to settle these claims without admitting liability to avoid the expense and uncertainty of protracted litigation, particularly given the amount at issue compared to the cost of defense, to avoid the time and attention required of its Managers and staff associated with continued litigation, to provide an additional direct benefit to employees, and to allow ORBIT to focus on its business rather than litigation.

### 3. Am I a part of the Settlement Class?

You are a member of the settlement class ("Class Member") if and to the extent you were employed by ORBIT on an hourly basis as an employee by ORBIT at any time or times between March, 2006 and October 1, 2016. This does not include any time period during which you were paid salaried wages or as a salaried employee.

### 4. Why is there a settlement?

There is a bona fide dispute between the parties over the claims asserted in this litigation. After extensive litigation and mediation, the parties have concluded that it is in their respective best interests to enter into this settlement without admitting liability or that the other side is right. By doing so, they avoid the time, costs, risks, and resources associated with further litigation, they avoid the difficulties of managing class-wide litigation and establishing damages for each Class Member individually, they avoid litigating unsettled issues of federal and Illinois law and complicated legal and factual issues, is they avoid the uncertainties of litigation, including the difficulties of determining the amount of additional wages to which a Class Member may be entitled, particularly given the amount of potential damages at issue, ORBIT avoids the time and attention required of Managers and staff associated with continued litigation, and allows ORBIT to focus on its business rather than litigation.

Ries and Class Counsel consider this settlement to be fair, reasonable, and adequate, and the Court has given its preliminary approval to the settlement, subject to the hearing discussed below. The principal terms of the settlement are summarized below. If you wish to review the full

settlement agreement you can: (1) review the copy obtained from the court file, see Clerk of the court, 219 S. Dearborn Chicago ILL, (2) contact Class Counsel, John C. Ireland, The Law Office of John C. Ireland, 636 Spruce St. South Elgin IL 60177 (Phone: 630-464-9675; Email: atty4employees@aol.com).

## 5. What can I receive under the Settlement?

You may be eligible to receive a payment from the Settlement Fund **if you submit do not opt-out.** There is a Class Action Settlement Fund of $112,794.20 Dollars ($112,794.20 (est)) available for distribution among Class Members who do not elect to be excluded from the Class, who cash checks sent to them, and whose claims are approved. To receive a payment from this fund, you MUST provide a correct address if you move, and your claim must be approved and you must cash the check in a timely manner.

The amount of your approved claim will be determined by: (1) the amount of wages paid during your work for Orbit (during the Class Period) (calculated as described below), and (2) the total amount of settlement funds available:

1. If the total value of all approved claims exceeds $252,000, then you will only be entitled to receive a portion of your approved claim. The portion of your approved claim in that case would be equal to the percentage of the $252,000 which your approved claim bears to the total value of all approved claims..

Tax Treatment. The portion of the claim under (1) above equal to 1.1% of your W-2 wages will be subject to withholding for applicable federal, state and local taxes. The balance will not be subject to withholding but you may receive a 1099 for that amount. With respect to a claim under (2) above, fifty percent (50%) of that claim with be subject to withholding for applicable federal, state and local taxes, and the balance is attributable to liquidated damages and penalties, and will not be subject to withholding (but a 1099 may be issued). You will be solely responsible for payment of any income or other taxes, interest or penalties owed with respect to the payments made as part of this settlement. A payment from the settlement fund shall not constitute nor be considered as compensation for purposes of any applicable benefit, bonus, profit sharing, or pension plans, and you will not be entitled to any additional payments or benefits by reason of that payment.

## 6. What other payments are being made as part of this settlement?

In addition to these payments, under the terms of the Settlement Agreement, a claim for $10,000 will be submitted to the Court for approval of a payment in such amount to Kaitlyn Ries for her services as Class Representative. If approved, this amount would be paid out of the $252,000 Settlement Fund.

From the $252,000 settlement fund, a separate group of employees who previously Joined/ Opted-In to the case are to receive amounts described in the settlement agreement, totaling 121,734.80. This group is called the "FLSA Collective" and are receiving a separate payment based on their assistance and inconvenience of joining, partaking and assisting in this litigation, as well as other factors such as larger amounts of damages.

Class Counsel will be paid attorney's fees for his representation of the Class in the amount of $140,000 (over and above the $252,000 in the class funds). Costs of litigation in the amount of $3,365.00 will be paid to class counsel from the class funds. If there is a balance remaining in the Settlement Fund after payment of all claims, will be donated to a charity of Plaintiff Ries choosing that is an IRS 501(c)(3) non-profit corporation.

## 7. What claims are being given up by the Class?

If the settlement is given final approval by the Court, and you have not timely elected to exclude yourself from the Class, all of the Court's orders in the Lawsuit will apply to you and legally bind you. You will give up, and not be able to sue, continue to sue, or be a part of, any lawsuit against ORBIT or any of the ORBIT Parties (defined below) related to any of the "Covered Claims."

The "Covered Claims" to be released are all known and unknown claims, suits, lawsuits, demands, and causes of action which a Class Member may have or hold against any of the ORBIT Parties for federal and state claims relating to wages owed, payment of wages, overtime, hours of work, breach of contract to pay wages, and all similar and related claims (including, among others, all claims under the federal Fair Labor Standards Act, as amended, the Illinois Wage Payment and Collection Act, and the Illinois Minimum Wage Law) arising or accruing at any time during the time period prior to February 1, 2014 including but not limited to any claims that are based upon any facts, practices or claims alleged or which could have been alleged in this Lawsuit. The term "ORBIT Parties" who are being released refers to (a) ORBIT and its present and former direct and indirect subsidiaries, affiliated businesses, employee benefit plans and trusts, and their respective present and former officers, directors, employees, attorneys, agents, administrators, fiduciaries, partners, and shareholders; and (b) any insurer or successor of any such business or person.

## 8. What are my options?

1. <u>If You Remain in The Class and Want to Be Eligible for A.</u> If you wish to be in the class do nothing, you will receive a check.

2. <u>You May Remain a Class Member and Hire Your Own Attorney to Represent You at Your Own Cost.</u> If you want your own attorney to represent you in this lawsuit, your attorney must file a Notice of Appearance with the United States District Court Clerk for the Northern District of Illinois. The Notice of Appearance must be filed by March 1, 2018.

3. <u>You May Remain A Class Member And Object to the Settlement.</u> If you do not elect to exclude yourself from the Class but wish to object to the proposed settlement or any aspect of it, you may submit an objection and appear at the Fairness Hearing and show cause why the settlement should not be approved as fair, reasonable and adequate. Any objection to the Settlement will be invalid unless it is filed with the Clerk of the Court on or before March 1, 2018. The filed objection must include: the objector's full name, address and telephone number (the address of an attorney alone is insufficient); a signature of the objector; a statement of all grounds and bases for the objection; and a statement whether the objector intends to appear at the Fairness Hearing scheduled by the Court. When you file the objection, you must mail a copy to Class Counsel and counsel for ORBIT. For this purpose, the address of the Clerk is: United States District Court Clerk for the Northern District of Illinois 219 S. Dearborn, Chicago, IL 60604. The address of Class Counsel is: The Law Office of John C. Ireland, 636 Spruce St. South Elgin IL 60177. The address of ORBIT's counsel is Charles Krugel, 1001 S. State St., #1904, Chicago, IL 60605.

4. <u>You May Exclude Yourself from the Class.</u> If you wish to exclude yourself from the class, you must state in writing your desire to be so excluded and send the same to Class Counsel within the required time period. Your request must include: (i) your full name, telephone number and current address; (ii) your signature; and (iii) a specific statement that you wish to be excluded from the Settlement Class and from participating in the proposed settlement. Your request must be sent postmarked on or before February 13, 2018 to: Class Administrator KCC, 33 North Lasalle Street Ste. 1100 Chicago ILL 60602. If you exclude yourself from the class, you are not eligible to receive any settlement payment as described above, you will not be bound by the release made or judgment entered in connection with the settlement, and you will not be permitted to object to any part of the settlement.

<u>If you do not timely opt out of the Class, you will be a Class member and bound by the terms of the settlement and the Court's orders.</u> You will be bound by any judgment approving or disapproving the settlement.

## **NO RETALIATION PERMITTED**

The law prohibits retaliation against employees for exercising their rights under the FLSA AND IWPCA. Therefore, Orbit is prohibited from discharging you or otherwise retaliating against you in any manner because you choose to join in this lawsuit.

### 9. When will the Court decide whether to approve the Settlement?

The Court has given its preliminary approval to the proposed settlement. A hearing (the "Fairness Hearing") will be held before the Court at 10:30 a.m. on March 15, 2018 (or such different or continued date and/or time or location as the Court may, without further notice, direct)

to decide whether to give final approval to the settlement, whether to approve the above described payment to Ries, and to deal with such other matters as may properly be before the Court at that time. The hearing will take place in the Courtroom of Judge Ronald Guzman, 219 S. Dearborn, Chicago, IL 60604.

**Any person who does not make an objection in the time and manner provided above will be forever foreclosed from making any objection to the matters described herein, unless otherwise ordered by the Court.**

## 10. How can I obtain more information?

The foregoing is a summary of the Lawsuit and the proposed settlement. For complete information, you are invited to review the Court's file online at PACER under the case number for this Lawsuit listed above on the first page. You also may contact Class Counsel, John C. Ireland The Law Office of John C. Ireland, 636 Spruce St. South Elgin IL 60177. 630-464-9675 (atty4employees@aol.com) Any inquiries concerning this Notice should be addressed to Class Counsel:

**DO NOT CONTACT THE CLERK OR THE COURT EXCEPT TO REVIEW THE COURT FILE OR THE SETTLEMENT AGREEMENT**
**DO NOT CONTACT ORBIT OR ANY SUPERVISOR OR MANAGER AT ORBIT ABOUT THIS SETTLEMENT OR THIS NOTICE**

**Exhibit 2**

1. Christopher Angelacos
2. Kathleen Conrad
3. Kyle Cooke
4. Judy Basich
5. Lindsey Goebert
6. Zoe Gray
7. Shayann Hastings
8. Rebbecca Horn
9. Jessica Heimer
10. Mikayla Lloyd
11. David Mendoza
12. Zachary Mueller
13. Stephanie Azucena-Martinez
14. Angelica Mitchell
15. Mark Mitchell
16. Jasmine Mitchell
17. Samantha Onnen
18. Ariana Quinones
19. Matthew Rahn
20. Kaitlyn Ries
21. Brianna Sawtell
22. Kristin Savage
23. Matthew Sable
24. Jahnere Todd