

## IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KAITLYN RIES,                              )
individually                               )
and on behalf of all persons               )
similarly situated                         ) CASE NO 16 CV 3667
as class representative under              )
Illinois Law and/or as                     )
members of the Collective as permitted     )
under the Fair Labor Standards Act;        )
                                           )
                         Plaintiff,        )
            vs.                            )
PLANESPHERE, INC.                          )
d/b/a                                      )
Orbit Skate Center  and                    )
SANDRA L. LEVIN                            )
and H. R. KLOTZ AKA "DICK" KLOTZ,          )
as an individual                           )
under FLSA and Illinois Wage Laws          )
                                           )
                         Defendants.       )

### ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

This matter is before the Court on a Motion of the parties seeking preliminary approval of

a proposed class action settlement, the sending of notice of the proposed settlement to the

certified class, and to set a fairness hearing. The Court has reviewed and considered the proposed

settlement, and the Settlement Agreement (defined below), along with the relevant documents,

the Joint Motion, and the presentations of the parties, hereby ORDERS:

The Class and Preliminary Approval of the Settlement Agreement

        1.   The Court previously certified a FLSA Collective consisting of all persons

employed on an hourly basis by Orbit for three-year period. The Plaintiff has filed a Motion for

certification of a Class Action pursuant to the Illinois Minimum Wage Law and the Illinois Wage

Payment and Collection Act. The Class Motion was fully briefed and awaiting ruling by this Court. KAITLYN RIES sought to be designated as Class Representative.

2. Counsel have advised the Court that the parties agree, subject among other terms to final approval by this Court following notice to the Settlement Class and a fairness hearing, to settle the action upon the terms and conditions set forth in the Settlement Agreement between KAITLYN RIES and Planesphere, INC. d/b/a Orbit Skate Center. ("Orbit;" the "Agreement" or "Settlement Agreement"), which has been filed with the Court. The Court has reviewed the Settlement Agreement as well as the filings, records and proceedings to date in this matter. The terms of the Settlement Agreement are incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement unless otherwise defined in this Order.

3. By entering into the Settlement Agreement, Orbit has not admitted to any wrongdoing or liability on its part and denies the same. The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that Orbit or any other person or entity is liable with respect to any claim asserted in this lawsuit.

4. Based upon preliminary examination, it appears to the Court that the terms of the proposed settlement are sufficiently fair, reasonable, and adequate to allow dissemination of the notice of the proposed Settlement Agreement to the Settlement Class, and that a hearing should be held after notice to the Settlement Class to determine whether the Settlement Agreement is fair, reasonable and adequate, and whether a settlement approval order and order and final judgment should be entered in this action, based upon that Settlement Agreement. The Court grants preliminary approval of the Settlement Agreement as falling within the range of

possible approval and meriting submission to the Settlement Class for its consideration, pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure. The Court finds that (a) the Settlement Agreement resulted from extensive litigation and arm's-length negotiations, including lengthy hours of mediation under the auspices of the Court; and (b) the Settlement Agreement is sufficient to warrant notice thereof to members of the Settlement Class and holding the Settlement Hearing described below. These determinations are not a final finding that the Settlement Agreement is fair, reasonable and adequate, but simply a determination that there is probable cause to submit the proposed settlement.

### Settlement / Fairness Hearing and Notice of the Proposed Settlement
### And Settlement / Fairness Hearing

5.    Pursuant to Fed. R. Civ. P. 23, a settlement / fairness hearing ("Settlement Hearing") shall be held before this Court at 9:30 a.m. local Chicago time on March 15, 2018, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604, Courtroom _____. At the Settlement Hearing, the Court will consider: (a) whether the Settlement Agreement is fair, reasonable, and adequate and should be approved; (b) whether a final judgment should be entered thereon in accordance with and upon the terms of the Settlement Agreement; and (c) whether Class Counsel fairly and adequately protected the interests of the Settlement Class. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a Judgment And Final Order in accordance with the Settlement Agreement (the "Final Judgment") that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled. The Court thereafter will set a schedule for a motion and hearing with respect to an application of an award of attorney's fees and costs.

6.   In the event that the settlement does not become Final (as that term is defined in the Settlement Agreement), and in complete accordance with the terms of the Settlement Agreement, then unless the parties agree otherwise, this Order shall be rendered null and void and be vacated and the Settlement Agreement shall be rendered null and void in accordance with the Settlement Agreement.

7.   The Court approves the proposed Class Lawsuit Settlement Notice ("Notice") in the form attached as an exhibit to the Settlement Agreement and finds that it provides fair, reasonable and adequate notice of the settlement and the Settlement Hearing. Plaintiffs' counsel is hereby directed to cause the Notice (substantially in the form of Exhibit 1 to the Settlement Agreement) to be mailed to the Settlement Class Members, in accordance with the provisions of the Settlement Agreement, on or before December 15, 2017.

8.   The Court finds that, under the circumstances, the mailing of Notice in accordance with the provisions of the Settlement Agreement constitutes the best practical notice of the Settlement Hearing, the proposed settlement, and other matters set forth in the Notice, and that such mailing of notice constitutes valid, due, and sufficient notice to all members of the Settlement Class, and complies fully with the requirements of Fed., R. Civ. P. 23, the Constitutions of the United States and the State of Illinois, the Settlement Class members' rights of Due Process and all other applicable laws.

9.   No later than ten (10) days after this date, the Administrator shall mail the notices required by 28 U.S.C. § 1715 to the Attorney General of the United States and the Attorney General of the State of Illinois.

10.  No later than thirty (30) days prior to the Settlement Hearing, the Class Administrator shall file with this Court, and serve on Class Counsel, an affidavit or declaration

stating that the mailing of Notices to the Settlement Class described in this Order has been completed.

11. No later than ten (10) days before the Settlement Hearing, all briefs supporting the Settlement Agreement shall be served and filed with the Court.

## Objections and Appearances

12. Any member of the Settlement Class may elect to exclude himself or herself from the Settlement Class by stating in writing his or her desire to be so excluded. The request must: (i) state the person's full name, telephone number and current address; (ii) be signed by the individual; and (iii) include a specific statement that the individual wishes to be excluded from the Settlement Class and from participating in the proposed settlement. The request must be sent postmarked on or before March 1, 2018 to: Class Counsel (The Law Office of John C. Ireland, 636 Spruce St. South Elgin IL 60177.

13. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the final judgment herein. All persons falling within the definition of the Settlement Class who do not timely request exclusion in the manner set forth in this paragraph shall be Settlement Class Members and shall be bound by the Settlement Agreement and the final judgment.

14. No later than ten (10) days prior to the Settlement Hearing, Class Counsel shall prepare and send to the Court, with copies to ORBIT's Counsel, a report on requests for exclusion from the Settlement Class.

15. Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to

the fairness, reasonableness or adequacy of the Settlement Agreement, or any aspect of it (including any request for payment to the Class representative) on the terms set forth in this Order. An individual shall not be permitted to appear or present any such objection unless, on or before March 1, 2018, the objector or his or her counsel shall have filed with the Clerk of the Court and at the same time served upon Class Counsel and counsel for ORBIT a written objection that includes the following information: (a) the objector's full name, address and telephone number (the address of any attorney alone is insufficient); (b) a signature of the objector; (c) a statement of all grounds and bases for the objection; and (d) a statement whether the objector intends to appear at the Settlement Hearing scheduled by the Court. Any objection to the Settlement as embodied in the Settlement Agreement will be invalid unless it includes all such information and is timely served and filed. For this purpose, the address of the Clerk is: United States District Court Clerk for the Northern District of Illinois 219 S. Dearborn, Chicago, IL 60604. The address of Class Counsel is The Law Office of John C. Ireland, 636 Spruce Street South Elgin ILL 60177. The address of ORBIT's counsel is:.

16. Only persons in the Settlement Class who have filed and served valid and timely notices of objection, in accordance with this Order shall be entitled to be heard at the Settlement Hearing. Attorneys representing Settlement Class members in this lawsuit, other than Class Counsel herein, must file a Notice of Appearance with the Clerk of the Court, and send a copy to Class Counsel and counsel for ORBIT at the addresses listed above in this Order. The Notice of Appearance must be filed not more than fifteen (15) days prior to the date of the Settlement Hearing.

17. Any Settlement Class Member who does not timely deliver written objection and the notice of intention to appear by March 1, 2018, in accordance with the requirements of

- 6 -

this Order, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgment of the Court. Any objection that is not timely made shall be forever barred.

18. Any responses to objections to the Settlement Agreement, shall be filed with the Court no later than ten (10) days prior to the date of the Settlement Hearing.

19. Any Settlement Class member who does not file and serve an objection in writing to the Settlement Agreement, to the entry of final judgment, or to the Class Counsel's application for fees, costs, expenses and Class Representative compensation, in accordance with the procedure set forth in the Notice of Proposed Settlement and Hearing as mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

20. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

21. Pending final determination of whether the settlement embodied in the Settlement Agreement is to be approved, no member of the Settlement Class, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims described in the Settlement Agreement against ORBIT.

Dates of Performance.

22. In summary, the dates of performance are as follows:

(a)     The approved Administrative Agency KCC shall begin mailing the Notice to potential Settlement Class Members on or before December 15, 2017:

- 7 -

(b)     Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked on or before February 13, 2018;

(c)     All objections to the Settlement Agreement, or any application for an award to the Class Representative, shall be filed and served no later than March 1, 2018;

(d)     Papers in response to objections, if any, and in further support of the Class Representative Award (or other requested awards) shall be filed no later than five (5) days before the Settlement Hearing; and

(e)     The Settlement Hearing shall be held on March 15, 2018 at 10:30 a.m. local Chicago time.

SO ORDERED:

DATED: *12/20/17*

Ronald A. Guzman
United States District Court Judge

Exhibit 1
United States District Court
Northern District of Illinois
Eastern Division

Kaitlyn Ries, et al.,

        Plaintiffs,

      v.

Planesphere, INC. d/b/a Orbit Skate Center and
Sandra L. Levin
.

        Defendants.

16 CV 3667

## CLASS LAWSUIT SETTLEMENT NOTICE

## READ THIS NOTICE CAREFULLY.  YOUR LEGAL RIGHTS MAY BE AFFECTED.

## YOU HAVE NOT BEEN SUED.

### 1.    Why did I get this Notice?

You have been sent this Notice because wage records indicate that you (1) worked at a for Planesphere, INC. d/b/a Orbit Skate Center. ("ORBIT") in the State of Illinois at one or more times between March 2006 and October 1, 2016 (date of change of payroll system), and (2) were paid on an hourly basis, and therefore are included in the class and you could present a claim for wages and other compensation out of the settlement fund.

This lawsuit ("Lawsuit") is a class action lawsuit. The Court has named Kaitlyn Ries ("Ries") as the class representative for this class, and John C. Ireland, Esq. as Class Counsel.

This notice is to inform you about a settlement that was reached in this Lawsuit and that is being submitted to the Court for approval. This includes information on how to file a claim.

### 2.    What is the lawsuit about?

A Class has been agreed to and negotiated for all employees who were employed by ORBIT on an hourly basis at ORBIT at any time between March, 2006 and October 1, 2016.

Ries claims that Orbit shaved work hours of herself and the class, misappropriated employee tips and that employees worked "off-the-clock." Defendant denies these claims, but has agreed to settle the claims for various reasons. On October 1, 2016, the time-recording system was replaced on-line App., that read the time correctly. The cut-off date for purposes of this aspect of the settlement is October 1, 2016.

ORBIT denies that it is liable to the class for any amount other than what it has already paid to Class Members and maintains that there is no right or claim under any applicable laws for any of the claims asserted. However, ORBIT has agreed to settle these claims without admitting liability to avoid the expense and uncertainty of protracted litigation, particularly given the amount at issue compared to the cost of defense, to avoid the time and attention required of its Managers and staff associated with continued litigation, to provide an additional direct benefit to employees, and to allow ORBIT to focus on its business rather than litigation.

### 3. Am I a part of the Settlement Class?

You are a member of the settlement class ("Class Member") if and to the extent you were employed by ORBIT on an hourly basis as an employee by ORBIT at any time or times between March, 2006 and October 1, 2016. This does not include any time period during which you were paid salaried wages or as a salaried employee.

### 4. Why is there a settlement?

There is a bona fide dispute between the parties over the claims asserted in this litigation. After extensive litigation and mediation, the parties have concluded that it is in their respective best interests to enter into this settlement without admitting liability or that the other side is right. By doing so, they avoid the time, costs, risks, and resources associated with further litigation, they avoid the difficulties of managing class-wide litigation and establishing damages for each Class Member individually, they avoid litigating unsettled issues of federal and Illinois law and complicated legal and factual issues, is they avoid the uncertainties of litigation, including the difficulties of determining the amount of additional wages to which a Class Member may be entitled, particularly given the amount of potential damages at issue, ORBIT avoids the time and attention required of Managers and staff associated with continued litigation, and allows ORBIT to focus on its business rather than litigation.

Ries and Class Counsel consider this settlement to be fair, reasonable, and adequate, and the Court has given its preliminary approval to the settlement, subject to the hearing discussed below. The principal terms of the settlement are summarized below. If you wish to

review the full settlement agreement you can: (1) review the copy obtained from the court file, see Clerk of the court, 219 S. Dearborn Chicago ILL, (2) contact Class Counsel, John C. Ireland, The Law Office of John C. Ireland, 636 Spruce St. South Elgin IL 60177 (Phone: 630-464-9675; Email: atty4employees@aol.com).

## 5.   What can I receive under the Settlement?

You may be eligible to receive a payment from the Settlement Fund **if you submit do not opt-out.** There is a Class Action Settlement Fund of $112,794.20 Dollars ($112,794.20 (est.)) available for distribution among Class Members who do not elect to be excluded from the Class, who cash checks sent to them, and whose claims are approved. To receive a payment from this fund, you MUST provide a correct address if you move, and your claim must be approved and you must cash the check in a timely manner.

The amount of your approved claim will be determined by: (1) the amount of wages paid during your work for Orbit (during the Class Period) (calculated as described below), and (2) the total amount of settlement funds available:

1. If the total value of all approved claims exceeds $252,000, then you will only be entitled to receive a portion of your approved claim. The portion of your approved claim in that case would be equal to the percentage of the $252,000 which your approved claim bears to the total value of all approved claims..

Tax Treatment. The portion of the claim under (1) above equal to 1.1% of your W-2 wages will be subject to withholding for applicable federal, state and local taxes. The balance will not be subject to withholding but you may receive a 1099 for that amount. With respect to a claim under (2) above, fifty percent (50%) of that claim with be subject to withholding for applicable federal, state and local taxes, and the balance is attributable to liquidated damages and penalties, and will not be subject to withholding (but a 1099 may be issued). You will be solely responsible for payment of any income or other taxes, interest or penalties owed with respect to the payments made as part of this settlement. A payment from the settlement fund shall not constitute nor be considered as compensation for purposes of any applicable benefit, bonus, profit sharing, or pension plans, and you will not be entitled to any additional payments or benefits by reason of that payment.

## 6.   What other payments are being made as part of this settlement?

In addition to these payments, under the terms of the Settlement Agreement, a claim for $10,000 will be submitted to the Court for approval of a payment in such amount to Kaitlyn Ries for her services as Class Representative. If approved, this amount would be paid out of the $252,000 Settlement Fund.

From the $252,000 settlement fund, a separate group of employees who previously Joined/ Opted-In to the case are to receive amounts described in the settlement agreement, totaling 121,734.80. This group is called the "FLSA Collective" and are receiving a separate payment based on their assistance and inconvenience of joining, partaking and assisting in this litigation, as well as other factors such as larger amounts of damages.

Class Counsel will be paid attorney's fees for his representation of the Class in the amount of $140,000 (over and above the $252,000 in the class funds). Costs of litigation in the amount of $3,365.00 will be paid to class counsel from the class funds. If there is a balance remaining in the Settlement Fund after payment of all claims, will be donated to a charity of Plaintiff Ries choosing that is an IRS 501(c)(3) non-profit corporation.

## 7. What claims are being given up by the Class?

If the settlement is given final approval by the Court, and you have not timely elected to exclude yourself from the Class, all of the Court's orders in the Lawsuit will apply to you and legally bind you. You will give up, and not be able to sue, continue to sue, or be a part of, any lawsuit against ORBIT or any of the ORBIT Parties (defined below) related to any of the "Covered Claims."

The "Covered Claims" to be released are all those covered by this Federal Lawsuit which a Class Member may have or hold against any of the ORBIT Parties for federal and state claims relating to wages owed, payment of wages, overtime, hours of work, breach of contract to pay wages, and all similar and related claims (including, among others, all claims under the federal Fair Labor Standards Act, as amended, the Illinois Wage Payment and Collection Act, and the Illinois Minimum Wage Law) arising or accruing at any time during the time period prior to February 1, 2014 including but not limited to any claims that are based upon any facts, practices or claims alleged or which could have been alleged in this Lawsuit. The term "ORBIT Parties" who are being released refers to (a) ORBIT and its present and former direct and indirect subsidiaries, affiliated businesses, employee benefit plans and trusts, and their respective present and former officers, directors, employees, attorneys, agents, administrators, fiduciaries, partners, and shareholders; and (b) any insurer or successor of any such business or person.

## 8. What are my options?

1. <u>If You Remain in The Class and Want to Be Eligible for A.</u> If you wish to be in the class do nothing, you will receive a check.

2. <u>You May Remain a Class Member and Hire Your Own Attorney to Represent You at Your Own Cost</u>. If you want your own attorney to represent you in this lawsuit, your attorney must file a Notice of Appearance with the United States District Court Clerk for the Northern District of Illinois. The Notice of Appearance must be filed by March 1, 2018.

3. <u>You May Remain A Class Member And Object to the Settlement.</u> If you do not elect to exclude yourself from the Class but wish to object to the proposed settlement or any aspect of it, you may submit an objection and appear at the Fairness Hearing and show cause why the settlement should not be approved as fair, reasonable and adequate. Any objection to the Settlement will be invalid unless it is filed with the Clerk of the Court on or before March 1, 2018. The filed objection must include: the objector's full name, address and telephone number (the address of an attorney alone is insufficient); a signature of the objector; a statement of all grounds and bases for the objection; and a statement whether the objector intends to appear at the Fairness Hearing scheduled by the Court. When you file the objection, you must mail a copy to Class Counsel and counsel for ORBIT. For this purpose, the address of the Clerk is: United States District Court Clerk for the Northern District of Illinois 219 S. Dearborn, Chicago, IL 60604. The address of Class Counsel is: The Law Office of John C. Ireland, 636 Spruce St. South Elgin IL 60177. The address of ORBIT's counsel is Charles Krugel, 1001 S. State St., #1904, Chicago, IL 60605.

4. <u>You May Exclude Yourself from the Class.</u> If you wish to exclude yourself from the class, you must state in writing your desire to be so excluded and send the same to Class Counsel within the required time period. Your request must include: (i) your full name, telephone number and current address; (ii) your signature; and (iii) a specific statement that you wish to be excluded from the Settlement Class and from participating in the proposed settlement. Your request must be sent postmarked on or before February 13, 2018 to: Class Administrator KCC, 33 North Lasalle Street Ste. 1100 Chicago ILL 60602. If you exclude yourself from the class, you are not eligible to receive any settlement payment as described above, you will not be bound by the release made or judgment entered in connection with the settlement, and you will not be permitted to object to any part of the settlement.

<u>If you do not timely opt out of the Class, you will be a Class member and bound by the terms of the settlement and the Court's orders.</u> You will be bound by any judgment approving or disapproving the settlement.

# <u>BUT I DID NOT OPT-IN THE FIRST TIME??????</u>

## IF YOU RECEIVED A PRIOR NOTICE AND DID NOT SUBMIT AN OPT-IN FORM, <u>YOU MUST OPT-OUT</u> TO CONTINUE TO BE EXCLUDED

You might have previously received a Notice allowing you to join this case. If you choose to not opt-in, and <u>want to remain outside of this case</u>, you must OPT-OUT of the case. Repeating: IF you want to continue to be excluded from this case and preserve your legal rights against Orbit, you MUST file an Opt-Out, otherwise you will be included in the settlement, even if you don't cash the check mailed to you. How to Opt-Out was described elsewhere in this Notice or call the Class Counsel at 630-464-9675 to receive more information how to opt-out.

<u>If you do not timely opt out of the Class, you will be a Class member and bound by the terms of</u> <u>the settlement and the Court's orders</u>. You will be bound by any judgment approving or disapproving the settlement.

## <u>NO RETALIATION PERMITTED</u>

The law prohibits retaliation against employees for exercising their rights under the FLSA AND IWPCA. Therefore, Orbit is prohibited from discharging you or otherwise retaliating against you in any manner because you choose to join in this lawsuit.

### 9. When will the Court decide whether to approve the Settlement?

The Court has given its preliminary approval to the proposed settlement. A hearing (the "Fairness Hearing") will be held before the Court at 10:30 a.m. on March 15, 2018 (or such different or continued date and/or time or location as the Court may, without further notice, direct) to decide whether to give final approval to the settlement, whether to approve the above described payment to Ries, and to deal with such other matters as may properly be before the Court at that time. The hearing will take place in the Courtroom of Judge Ronald Guzman, 219 S. Dearborn, Chicago, IL 60604.

**Any person who does not make an objection in the time and manner provided above will be forever foreclosed from making any objection to the matters described herein, unless otherwise ordered by the Court.**

### 10. How can I obtain more information?

The foregoing is a summary of the Lawsuit and the proposed settlement. For complete information, you are invited to review the Court's file online at PACER under the case number for this Lawsuit listed above on the first page. You also may contact Class Counsel, John C. Ireland The Law Office of John C. Ireland, 636 Spruce St. South Elgin IL 60177. 630-464-9675 (atty4employees@aol.com) Any inquiries concerning this Notice should be addressed to Class Counsel:

**DO NOT CONTACT THE CLERK OR THE COURT EXCEPT TO REVIEW THE COURT FILE OR THE SETTLEMENT AGREEMENT**
**DO NOT CONTACT ORBIT OR ANY SUPERVISOR OR MANAGER AT ORBIT ABOUT THIS SETTLEMENT OR THIS NOTICE**

U.S. DISTRICT COURT
CLERK

17 DEC 20 PM 4: 13

RECEIVED-E04